R. F. SHANKS ET AL. *v.* TOWN COUNCIL OF GREENVILLE, USE, ETC.

1. LEVY ON TENANT'S GOODS. *No apportionment of rent.*
    When chattels on leased premises are seized by the tenant's creditor, the landlord, by virtue of Code 1871, § 852, is entitled to receive the rent for all the time contracted for, not exceeding one year, whether the day of payment has come or not.                                            .
2. SAME. *Liability of sheriff.*
    The officer, who makes the levy, is liable, if he takes the property without paying or tendering the landlord the rent.

ERROR to the Circuit Court of Washington County.
Hon. B. F. TRIMBLE, Judge.

In this suit against R. F. Shanks and the sureties on his official bond as town marshal and constable, the declaration alleged that an attachment for rent due, and to become due monthly, sued out, on April 12, 1876, by the defendant in error against the usee's tenant, Adolph Heidingsfelder, who held under a lease for one year from Nov. 15, 1875, to Nov. 15, 1876, was placed in the hands of said constable, who levied on goods upon the demised premises, took and sold the goods, and failed to pay over the proceeds. The defence pleaded was that, prior to the issuance of the attachment for rent, an attachment for debt had been levied by the constable on the same goods, which, after judgment against Heidingsfelder, were sold under *venditioni exponas*, and that,

after tendering the landlord the rent, which had then accrued and become due, he paid the balance to the attaching creditor.  A demurrer, on the ground that the plea failed to show the tender or payment of one year's rent, was sustained.

*Percy & Yerger*, for the plaintiffs in error.

1. If goods are seized upon demised premises under execution or attachment, sold by the officer and the proceeds paid to the creditor without the rent having been first paid or tendered to the landlord, under Code 1871, § 852, the officer who makes the seizure and sale is not liable to a suit by the landlord, but the judgment creditor, both by the language of the statute and on sound reason, is alone liable.  The officer can be sued in trespass by the owner of the goods alone.  The landlord, who has not even a lien on the goods, must sue the creditor, who has received the rent properly due to him. *Stamps* v. *Gilman*, 43 Miss. 456; *Marye* v. *Dyche*, 42 Miss. 347.

2. The statute refers exclusively to rent " due ; " and, if that word is to be taken in its ordinary sense, the demurrer should have been overruled.  In Code 1871, ch. 21, on Landlord and Tenant, the word is frequently used (§§ 1620, 1622, 1623, 1629, 1633), and always in the sense of rent " in arrear." By the words " whether the day of payment by the terms of the lease shall have come or not," the right was preserved to the landlord to subject his tenant's goods to the payment of such part of the rent as had accrued, provided it did not exceed one year's rent.  Whatever may be the day of payment fixed by the contract, when an execution is levied the statute makes an apportionment of the rent, and requires the payment of the part then due.  The intent of the statute is to secure the landlord rent to the extent to which his property has rendered service.  And the object of the one year's limitation is to enforce diligence, on the part of the landlord, in collecting his rent in arrear.  Under the statute of 8 Anne, ch. 14, § 1, which is the prototype of the American statutes, the landlord could claim only the rent due at the time of seizure. *Hoskins* v. *Knight*, 1 M. & S. 245.  In New York, under a similar statute, in a case like this, he was held entitled only to the rent due to the end of the last quarter preceding the seizure.

*Hazard* v. *Raymond*, 2 Johns. 478. The same rule is established in Alabama, *Denham* v. *Harris*, 13 Ala. 465, and approved in Smith on Landlord and Tenant, 147 and note.

*Frank Johnston*, for the defendant in error.

1. The action for damages was maintainable against the officer levying the attachment for debt. Taylor on Landlord and Tenant, § 604; *Phillips* v. *Bacon*, 9 East, 298.

2. By the English decisions, only the rent in arrear was allowed the landlord. *Hoskins* v. *Knight*, 1 M. & S. 245; *Harrison* v. *Barry*, 7 Price, 690. Alabama and New York, with statutes like that of 8 Anne, ch. 14, § 1, have followed the English rule. Smith on Landlord and Tenant, 147, note; *Denham* v. *Harris*, 13 Ala. 465; *Hazard* v. *Raymond*, 2 Johns. 478. But Code 1871, § 852, adds to the English statute the words " whether the day of payment by the terms of the lease shall have come or not." The word " due," when taken in connection with that clause, must mean " owed." A debt is often said to be due from a person owing it and primarily bound to pay, although the time for payment has not come. Burrill's Law Dic. word " Due; " *United States* v. *State Bank*, 6 Peters, 29, 36. The intent of the statute is to protect a year's rent, at least, for the landlord. There is no sanction for the proposition that the words create a rule of apportionment. Had such been the design, it was easy to express it by proper language. Apportioning rent is incompatible with this subject. A lease is an entire thing, as is also the rent, which does not accrue from day to day like interest.

George, C. J., delivered the opinion of the court.

Two questions are presented for determination: First, whether under Code 1871, § 852, the landlord is entitled to have paid to him, by a creditor of the tenant levying on his goods, the whole amount of rent which the tenant then owes by the terms of the lease, whether overdue or not, provided it does not exceed one year's rent; or whether he is entitled only to have so much of the rent, in case it is not due at the time of the levy, as would be due for the time of occupancy of the tenant if the rent for each day was payable at the end thereof. Second, whether, in case of failure to pay the rent, the officer

taking the goods or only the creditor is liable. The word " due," in the phrase of the statute, " all money due for the rent," means the same as " owed ; " and the landlord is entitled to receive all the rent which by the terms of the lease is contracted to be paid by the tenant, not exceeding, however, one year's rent; and he is entitled to this without reference to whether the day of payment of the rent has come or not. The officer making the levy is liable, if he removes the goods without paying or tendering the landlord the rent.

*Judgment affirmed.*